IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR SAUL CEBALLOS RUIZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> TAQUERIA SAN JOSE #1, INC., an Illinois corporation, d/b/a TAQUERIA SAN JOSE, and LETICIA NAVARRO, an individual, <br><br> Defendants. | Case No. 15-cv-06273 |

## COMPLAINT

The Plaintiff, Victor Saul Ceballos Ruiz ("Plaintiff" or "Ceballos Ruiz"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complains against Defendants, Taqueria San Jose #1, Inc., d/b/a Taqueria San Jose ("Taqueria San Jose"), and Leticia Navarro ("Navarro"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their minimum wages and overtime pay. Defendants violated federal and state minimum wage laws by paying Plaintiff, a tipped delivery driver, direct wages below the minimum wage. Defendants also violated federal and state overtime laws by failing to pay Plaintiff and other employees an

overtime premium when they worked more than 40 hours in an individual workweek. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff was previously employed by Defendants as a food delivery driver. Plaintiff began working for Taqueria San Jose in approximately 2004 and worked for Defendants through approximately September 3, 2014.

5. Defendant Taqueria San Jose is operated by San Jose Taqueria #1, Inc., an Illinois corporation, and is doing business as a restaurant within this judicial district. Taqueria San Jose's president, corporate secretary, and registered agent are all located within this judicial district.

6. Upon information and belief, Defendant Taqueria San Jose earned more than $500,000 in annual gross revenue during all relevant years.

7. Defendants' employees, including Plaintiff, have regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for interstate commerce, including food products and supplies.

8. Upon information and belief, Defendant Leticia Navarro is the owner of Defendant Taqueria San Jose. Navarro is also the president and corporate secretary for the

company. Upon information and belief, Navarro resides in and is domiciled within this judicial district.

9. At all times, Defendant Navarro possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant Navarro set Plaintiff's schedule, set Plaintiff's rates of pay, determined Plaintiff's method of payment, and paid cash wages to the Plaintiff.

**Common Allegations**

10. During the last three years before the filing of this suit, Plaintiff was scheduled to work from approximately 11 a.m. to 11 p.m. on every day of the workweek except Thursday.

11. Plaintiff was employed as a food delivery driver, and worked approximately 72 hours per week for the Defendants.

12. Defendants paid Plaintiff $3.00 for every delivery made. Defendants also permitted Plaintiff to keep tips from customers.

13. Plaintiff customarily and regularly received more than $30.00 per month in tips.

14. Defendants also reimbursed $25.00 per day for Plaintiff for travel expenses, including gasoline.

15. Plaintiff averaged between six and ten deliveries per day. By way of illustration, when the Plaintiff made eight deliveries in one day, the Defendants paid him $24.00 in wages and reimbursed him $25.00 for gasoline and other travel expenses. In this common factual scenario, the Plaintiff's regular hourly rate of pay was $2.00.

16. Defendants therefore failed to properly take a tip credit by frequently compensating Plaintiff at rates below the statutory minimum wage for tipped employees.

17. Defendants also did not notify Plaintiff and other tipped employees of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit.

18. Plaintiff, and other employees employed by Defendants, were also directed to work, and did work, more than 40 hours per week.

19. Defendants did not compensate Plaintiff and other employees at one and one-half times their regular hourly rate of pay (or the statutory minimum wage) for hours worked in excess of 40 in individual workweeks.

20. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

21. Upon information and belief, Defendants failed to post and keep posted FLSA and IMWL notices in a conspicuous and prominent place in the workplace.

## COUNT I
## Violation of the Fair Labor Standards Act – Minimum Wages

22. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

23. Plaintiff is an "employee" as defined in the FLSA, 29 U.S.C. § 203(e)(1), and is not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

24. Plaintiff was a "tipped employee" within the meaning of 29 U.S.C. § 203(t).

25. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

26. Defendant San Jose Taqueria is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

27. Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wages under the FLSA.

28. Defendants violated the tip credit and minimum wage provisions of this section by paying Plaintiff direct wages below the statutory minimum wage for tipped employees.

29. Defendants also did not inform Plaintiff of the tip credit subsection, 29 U.S.C. § 203(m), or any of its related requirements.

30. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's minimum wages was willful and not in good faith. Defendants failed to pay Plaintiff sufficient direct wages in compliance with federal and state minimum wage laws. Defendants also paid Plaintiff's wages in cash in order to avoid recording employee work time and their own failure to pay employees their minimum wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Victor Saul Ceballos Ruiz, prays for a judgment against Defendants, Taqueria San Jose #1, Inc., d/b/a Taqueria San Jose, and Leticia Navarro, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

31. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

32. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

33. Plaintiff was a tipped employee within the meaning of 820 ILCS 105/4(c).

34. During all relevant times, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

35. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage under the IMWL.

36. Defendants violated the tip credit and minimum wage provisions of this section by paying Plaintiff direct wages below the statutory minimum wage for tipped employees.

**WHEREFORE**, the Plaintiff, Victor Saul Ceballos Ruiz, prays for a judgment against Defendants, Taqueria San Jose #1, Inc., d/b/a Taqueria San Jose, and Leticia Navarro, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Fair Labor Standards Act – Overtime Wages

37. Plaintiff hereby incorporates paragraphs 1 through 21 and 25 through 26 as though stated herein.

38. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

39. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the FLSA.

40. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

42. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants paid Plaintiff's wages in cash in order to avoid recording employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Victor Saul Ceballos Ruiz, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Taqueria San Jose #1, Inc., d/b/a Taqueria San Jose, and Leticia Navarro, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law – Overtime Wages

43. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

44. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

45. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the IMWL.

46. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

47. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

48. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Victor Saul Ceballos Ruiz, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Taqueria San Jose #1, Inc., d/b/a Taqueria San Jose, and Leticia Navarro, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

Dated: July 17, 2015

Respectfully submitted,
Victor Saul Ceballos Ruiz, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,

/s/ Nicholas P. Cholis

One of Plaintiff's Attorneys

Timothy M. Nolan
IL ARDC No. 6194416
Nicholas P. Cholis
IL ARDC No. 6292556
Nolan Law Office
Attorneys for Plaintiff
53 West Jackson Blvd. #1137
Chicago, Illinois 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net