IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VICTOR SAUL CEBALLOS RUIZ**, <br><br> Plaintiff, <br> v. <br><br> **TAQUERIA SAN JOSE #1, INC**, an Illinois corporation d/b/a **TAQUERIA SAN JOSE**, and **LETICIA NAVARRO**, an individual, <br><br> Defendants. | No.   15 CV 6273 <br><br> Magistrate Judge Cox |

## JOINT MOTION TO APPROVE SETTLEMENT

By and through their respective attorneys of record, the plaintiff and the defendants jointly move this Court to approve their settlement agreement. In support, they state as follows.

1. The plaintiff brought the captioned case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*

2. The plaintiff alleged that the defendants violated the FLSA and the IMWL by failing to pay the plaintiff overtime compensation at the time and one-half rate, and by failing to pay the plaintiff at a rate not less than the applicable minimum wage rates.

3. The defendants deny that they violated the FLSA, the IMWL and/or any other statutes or laws; and the defendants have alleged defenses that they contend would defeat the plaintiff's claims.

4. In order to avoid the expense and inconvenience of protracted litigation, the parties have reached a settlement agreement after good faith negotiation in the context of a Court-sponsored settlement conference.

5. The parties agree that their settlement constitutes a fair resolution to a bona fide dispute over wage and hour claims asserted by the defendants under the FLSA and the IMWL.

6. In order to effectuate a valid and enforceable release of the defendants' claims for unpaid wages under the FLSA the IMWL and, potentially, other laws, Court approval of the settlement agreement is required. *See O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047 (N.D. Ill. 2002).

7. The parties' fully executed settlement agreements are submitted for inspection as group **Exhibit 1** (*in camera* only).

8. Submitted as **Exhibit 2** is a draft order approving the settlement and dismissing the case with prejudice and without costs.

WHEREFORE, the plaintiffs and the defendants jointly pray that this Court will enter the order attached as **Exhibit 2**.

Respectfully submitted,

/s/Timothy M. Nolan (by permission)  
Attorney for the Plaintiff

Nolan Law Office  
53 West Jackson Blvd., Suite 1137  
Chicago, IL 60604-3606  
(312) 322-1100

/s/Paul Luka  
Attorney for the Defendants

Paul Luka  
Law Office of Paul Luka, P.C.  
120 S. State Street, Suite 400  
Chicago, IL 60603  
(312) 971-7309

# Exhibit 1
**(Submitted for *in camera* review only)**

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VICTOR SAUL CEBALLOS RUIZ**, <br><br> Plaintiff, <br> v. <br><br> **TAQUERIA SAN JOSE #1, INC**, an Illinois corporation d/b/a **TAQUERIA SAN JOSE**, and **LETICIA NAVARRO**, an individual, <br><br> Defendants. | No.  15 CV 6273 <br><br> Magistrate Judge Cox |

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. After participating in a Court sponsored settlement conference, the parties and their respective counsel have entered into a settlement agreement that was reduced to writing, executed by the parties and their counsel and submitted to the Court for *in camera* review (the "Settlement Agreement"). The Court is familiar with the parties' claims and defenses as well as the terms of the Settlement Agreement.

**IT IS HEREBY ORDERED:**

1. The Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* The Court therefore approves the Settlement Agreement.

2. This case is dismissed, without prejudice, and all parties shall bear their own attorney's fees and costs.

3. Any party may file a motion to reinstate for the sole purpose of enforcing the parties' settlement agreement, a motion to enforce the parties' settlement agreement, or a motion

for additional time to file a motion to reinstate or a motion to enforce the settlement agreement on or before May 31, 2017.

    4.    The parties agree and acknowledge that all matters in dispute between them have been resolved by their Settlement Agreement; and the parties may seek to enforce their Settlement Agreement but they may not raise or re-litigate any claims that were asserted, or that could have been asserted, in the pleadings filed in captioned case.

    5.    In the event that no motion listed in paragraph 3 is filed on or before May 31, 2017, the case shall be dismissed with prejudice on the next business day and without further order of the Court.

**ENTER:**

DATE:_____      _____
    Hon. Susan E. Cox
    United States Magistrate Judge